IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiffs,<br><br> vs.<br><br>DALONTE FOARD,<br><br>      Defendant. | 8:20-CR-333<br><br>MEMORANDUM AND ORDER ON MOTION IN LIMINE |

   This matter is before the Court on the Government's Motion in Limine, Filing 173, in which the Government requests that one of its anticipated witnesses, Minor Victim 1, be allowed to hold a comfort item (a cat stuffed animal) in her lap during her testimony. Minor Victim 1 makes this request because she believes it will help her focus during questioning. Defendant has filed no response opposing this request.

   Federal Rule of Evidence 611 empowers the courts to "exercise reasonable control over the mode . . . of examining witnesses" to assist in ascertaining the truth and to protect witnesses from "undue embarrassment." Fed. R. Evid. 611(a)(1), (3); *see also* Fed. R. Evid. 102 ("These rules should be construed . . . to the end of ascertaining the truth . . . ."). While due consideration should be afforded to protecting a criminal defendant's constitutional rights when witness's testify, courts have recognized that "[y]oung children, who are victims of sexual abuse, have great difficulty in recounting to juries the sordid details of their painful experience." *State v. Dickson*, 337 S.W.3d 733, 744 n.9 (Mo. Ct. App. 2011) (quoting *State v. Pollard*, 719 S.W.2d 38, 42 (Mo. Ct. App. 1986)); *see also People v. Tohom,* 969 N.Y.S.2d 123, 132–33 (N.Y. App. Div. 2013) (noting the need to "fashion[] appropriate measure[s] to address a testifying child witness's emotional or psychological stress"); *State v. Cliff*, 782 P.2d 44, 47 (Idaho Ct. App. 1989)

1

(observing a minor victim witness's "need for an environment in which he or she will not be intimated into silence or to tears"). Accommodations for minor victims, therefore, aid in determining the truth and protecting those minor victims from undue embarrassment when testifying.

While a few jurisdictions require the party offering a witness to show a "substantial need" for a comfort or support item, *see, e.g.*, Gomez v. State, 25 A.3d 786, 799 (Del. 2011), a majority "have concluded that a finding of 'necessity' or 'need' is not required in order for the trial court to allow the presence of such items . . . provided that such item . . . alleviates the stress that the witness may experience on the stand and hence helps the witness to testify truthfully and completely." Commonwealth v. Purnell, 233 A.3d 824, 839, *aff'd*, 259 A.3d 974 (Pa. 2021). Given the important interests in garnering truthful and complete testimony, and in determining the truth at trial, the Court agrees with the majority of jurisdictions that do not require a showing of "substantial need" or "necessity." So long as the Court is satisfied that the use of a comfort or support item will alleviate a minor victim's inherent stress at trial and help him or her testify truthfully and completely, and the item does not unduly distract the jury or prejudice the defendant, the Court will allow the use of these items.

In this case, Minor Victim 1 has stated that the comfort item will help her focus during questioning and that she will hold it on her lap outside the view of the jury. The Court finds that the comfort item will help alleviate Minor Victim 1's stress while testifying in this case, which involves sex trafficking, and will serve the important purpose of garnering truthful and complete testimony. *See* United States v. Counts, No. 3:18-CR-00141, 2020 WL 598526, at *4 (D.N.D. Feb. 7, 2020) (finding that a request for minor victims to use stress balls while testifying was "reasonable" and that it "would cause minimal distraction to the jury, if any, and would not

prejudice the Defendant"). Therefore, the Court grants the Government's Motion in Limine and will permit Minor Victim 1 to testify with a comfort item.

Accordingly,

IT IS ORDERED that the Government's Motion in Limine, Filing 173, is granted.

Dated this 14th day of October, 2022.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge