IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:20-CR-333 |
| vs. | ORDER |
| DALONTE FOARD, | |
| Defendant. | |

    This matter is before the Court on several *pro se* Motions filed by the defendant: a Motion to Compel Attorney to Surrender Case File, Filing 273; a Motion for Leave to Proceed In Forma Pauperis, Filing 277; and a Motion for Designation of Record on Appeal, Filing 278.

    Regarding the Motion to Compel Attorney to Surrender Case File, the defendant explains that he "intends to file a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C § 2255" and that the "records [the defendant] seeks are necessary for preparation of such pleadings and [are] his property." Filing 273 at 3. In a previous Order, the Court ordered the defendant's former counsel to "furnish the defendant with any transcripts in his possession that is related to the defendant's case." Filing 268. The defendant then averred that he has not received any communication from his former counsel. Filing 273 at 3. The Court subsequently ordered the defendant's former counsel to submit an affidavit regarding his compliance with the Court's previous Order. Filing 268, and the former counsel submitted the affidavit, Filing 283. In the sworn affidavit, the defendant's former counsel stated that his office "has provided Defendant Dalonte Foard, via United States Mail, postage pre-paid, the 'transcripts in [its] possession' regarding United States v. Dalonte Foard, case number 8:20-CR-00333-BCB-MDN." Filing 283 at 1. Former counsel stated that these transcripts include both trial and sentencing proceedings. In light of this

1

affidavit, the defendant's Motion to Compel Attorney to Surrender Case File, Filing 273, is denied as moot.

Regarding the defendant's Motion for Leave to Proceed In Forma Pauperis, the defendant has already received permission to proceed in forma pauperis because he was deemed indigent when he received appointed counsel under the Criminal Justice Act. Filing 26 (appointing counsel); 18 U.S.C. § 3006A(a) (providing "representation for any person financially unable to obtain adequate representation"). Thus, the request for in forma pauperis status is already moot. In this Motion, the defendant also requests "both trial and sentencing transcripts" under 18 U.S.C. § 2250. This statute provides that habeas petitioners proceeding in forma pauperis are entitled to receive "without cost certified copies of such documents or parts of the record on file . . . as may be required by order of the judge before whom the application is pending." 18 U.S.C. § 2250. The defendant does not request any other documents in this Motion. However, as stated above, the request for "trial and sentencing transcripts" is moot in light of former counsel's affidavit attesting that the defendant was provided with said transcripts. Thus, the defendant's Motion for Leave to Proceed In Forma Pauperis is similarly denied as moot.

Finally, regarding the defendant's Motion for Designation of Record on Appeal, the defendant has exhausted his right of appeal. See *United States v. Foard*, No. 23-2349, 2024 WL 4825339 (8th Cir. Nov. 19, 2024) (denying the defendant's petition for rehearing by panel and for rehearing en banc). Moreover, the record on appeal has already been transmitted from the Eighth Circuit Clerk's Office back to the Clerk of this Court. See Filing 276 (records transmittal sheet). This Motion is denied. Accordingly,

IT IS ORDERED:

1. The defendant's Motion to Compel Attorney to Surrender Case File, Filing 273, is denied as moot;

2. The defendant's Motion for Leave to Proceed In Forma Pauperis, Filing 277, is denied as moot; and

3. The defendant's Motion for Designation of Record on Appeal, Filing 278, is denied.

Dated this 11th day of March, 2025.

                BY THE COURT:

                _____
                Brian C. Buescher
                United States District Judge