IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:20-CR-333 |
| vs. | ORDER |
| DALONTE FOARD, | |
| Defendant. | |

This matter is before the Court on the defendant's *pro se* Motion to Compel Attorney to Surrender Entire Case File. Filing 287. The defendant acknowledges that former defense counsel previously turned over all transcripts in his possession to the defendant. Filing 287. The defendant now seeks "the entire case filed including discovery," which he avers "is well needed to file a timely [section] 2255 [motion]." Filing 287. Also before the Court are two Motions for Copies, one requesting a free copy of the docket sheet, Filing 288, and another requesting "a § 2255 packet," Filing 289. The defendant's Motions are all denied.

Regarding the defendant's request for "the entire case filed including discovery" to file a Motion for relief under 28 U.S.C. § 2255, Filing 287, this Motion is untimely. Courts routinely treat prepetition requests for documents—including documents and exhibits that are already part of the record—under Rule 6 of the Rules Governing Section 2255 Proceedings, which governs discovery. See *United States v. Navarrete*, No. 8:16-CR-248, 2022 WL 16837042, at *1 (D. Neb. Nov. 9, 2022) (applying Rule 6 to a prepetition request for "all documents pertaining to the defendant's case, including trial transcripts" (cleaned up)); *United States v. Cuya*, 964 F.3d 969, 972 (11th Cir. 2020) (applying Rule 6 to a prepetition request for "transcripts, indictments, search warrants, or other records"). "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Newton v. Kemna*, 354 F.3d 776, 783 (8th

1

Cir. 2004) (citing *Bracy v. Gramley*, 520 U.S. 899, 994 (1997)); *see also Cuya*, 964 F.3d at 973 (providing that "discovery in habeas actions is more limited than in other civil cases" (emphasis in original)). Consistent with the limited nature of discovery in proceedings under 28 U.S.C. § 2255, this Court previously concluded that it "cannot order discovery in a habeas proceeding before the habeas petition has been filed." *United States v. Navarrete*, 2022 WL 16837042, at *1. Prior Eighth Circuit rulings support this conclusion. *See United States v. Losing*, 601 F.2d 351, 351 (8th Cir. 1979) (per curiam) (affirming where "[t]he district court denied the motion [for 'pre-existing records'] for the reason that 'any request for a full transcript prior to the filing of a § 2255 complaint is premature'"); *United States v. Barnett*, 389 F. App'x 575, 575 (8th Cir. 2010) (unpublished) (finding "no basis for reversal" of "district court's order effectively denying [the defendant's] request for a copy of an exhibit used at his sentencing hearing . . . because it is undisputed that [the defendant] had not filed a section 2255 motion at the time he requested the exhibit"); *United States v. Herrera-Zaragosa*, 84 F. App'x 728, 729 (unpublished) (8th Cir. 2004) (providing that a "petitioner is not entitled to transcript copies prior to filing a section 2255 motion"). The Eleventh Circuit published a persuasive explanation for why a "prisoner is not entitled to file a motion for discovery -- of transcripts, indictments, search warrants, or other records -- before filing a § 2255 motion to vacate." *Cuya*, 964 F.3d at 972 (reasoning that "a prisoner simply contemplating the filing of a § 2255 motion has no ongoing case and is in a wholly 'prelitigation' posture"). Here, the defendant has not yet filed a petition for relief under 28 U.S.C. § 2255, which precludes the Court from ordering discovery related to such a petition. The request for documents is therefore denied. The Court will consider the merits of a motion seeking documents that is timely—that is, filed alongside or after a petition under 28 U.S.C. § 2255—

under Rule 6 of the Rules Governing Section 2255 Proceedings, which requires "good cause" to order discovery.

Regarding the defendant's request for a free copy of the docket sheet, Filing 288, this Motion is also untimely and therefore denied for similar reasons: "any request for a free transcript prior to the filing of a section 2255 complaint is premature." *Chapman v. United States*, 55 F.3d 390, 390 (8th Cir. 1995). As another judge within this district has put it, 28 U.S.C. § 2250 "contemplates the filing of a motion for collateral review of a conviction before free copies of the record are furnished to the moving party." *United States v. Harper*, No. 8:07CR260, 2009 WL 2044820, at *1 (D. Neb. July 9, 2009). In the absence of a § 2255 motion or any other explanation for why the defendant is requesting these documents free of charge, the Court will deny his request.

Finally, the defendant's request for "a § 2255 packet," Filing 289, has already been fulfilled. *See* Filing 289 at 1 (clerk's notation indicating that "A 2255 Packet was mailed to the above address on 5/14/2025," the same date the present Motion was received). This request is therefore moot. Accordingly,

IT IS ORDERED:

1. The defendant's Motion to Compel Attorney to Surrender Case File, Filing 287, is denied;

2. The defendant's Motion for Copies requesting a free copy of the docket sheet, Filing 288, is denied; and

3. The defendant's Motion for Copies requesting "a § 2255 packet," Filing 289, is denied as moot.

Dated this 27th day of May, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge