IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

DALONTE FOARD,

Defendant.

**8:20-CR-333**

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255**

This matter is before the Court to conduct an initial review of petitioner Dalonte Foard's *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Filing 292. After a jury found Foard guilty of conspiring to engage in sex trafficking of a minor and of sex trafficking of a minor, the Court sentenced Foard to a term of 540 months of imprisonment on each charge, to be served concurrently. Filing 215 (Jury Verdict); Filing 232 (Judgment). Foard appealed, raising multiple challenges to his conviction and sentence. On July 19, 2024, the Eighth Circuit Court of Appeals issued an opinion affirming the Court's judgment. Filing 265; Filing 266. Foard then timely filed the present Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Filing 292; *see United States v. Hernandez*, 436 F.3d 851, 856 (8th Cir. 2006) (explaining that a habeas petitioner's conviction is final ninety days after the Eighth Circuit issues its ruling on direct appeal, meaning the petitioner has one year from the date the conviction is final to file a motion under 28 U.S.C. § 2255).

Foard asserts four grounds for habeas relief in his § 2255 motion: (1) "Foard Was Denied Effective Assistance Of Counsel As Gauranteed [sic] By The Sixth Amendment To The U.S. Constitution. Strickland v. Washington (1984)"; (2) "The Government Engaged in Prosecutorial Misconduct That Prejudiced Foard's Rights In Obtaining A Fair Trial"; (3) "Foard Was Denied Effective Assistance Of Appellate Counsel As Guaranteed By The Fifth And Sixth Amendments To The U.S. Constitution"; and (4) "(Reserved) Pending response to Foard's request in his § 2255 Memorandum for additional documents, complete file or case in order to expand the record to allow Foard to develop facts and materials related to his case." Filing 292 at 5–9. Although Ground One is framed as an ineffective assistance of counsel claim, the Court questions whether that ground truly challenges the sufficiency of the evidence at trial rather than the effectiveness of counsel at trial. The Court nevertheless declines to rule on Ground One at this time, and the Government shall respond to Foard's allegations in Ground One. However, for the following reasons, Foard's remaining claims are dismissed.

## I. BACKGROUND

The Eighth Circuit has summarized the background of this case as follows:

> On September 24, 2020, Dalonte Foard and his uncle, Thomas Holbert, picked up two foster youths, M.D. and M.J. (collectively, the Minors) from their foster home. M.J. was a seventeen-year-old girl with learning disabilities. She looked up to M.D., a sixteen-year-old girl. M.D. knew Holbert, and she told M.J. that "escorting" was an easy way to make money. Foard dropped off Holbert and the Minors at a motel and left. In the motel room, Holbert took provocative photos of the Minors in lingerie to include in online prostitution advertisements. Holbert attempted to set up the Minors with sex buyers, but he was unsuccessful due to a no-show.
>
> Eventually, M.D. called another man to pick her up, leaving M.J. at the motel. When Holbert left by himself, M.J. remained at the motel with just Foard and his girlfriend, Tashian Hickman.
>
> In the early morning hours of September 25, Foard and Hickman engaged in sex while M.J. attempted to sleep in another bed. Foard repeatedly pressured M.J. to

> join them for sex acts by telling M.J. she needed to let him "break her in." Foard eventually had sex with M.J. multiple times. Later that day, Foard took photos of M.J. and created a new online prostitution advertisement. Hickman communicated with a sex buyer, Michael Blue. When Blue arrived in the motel room, he paid $60 and received sex acts from M.J. During this time, Foard sat outside on a public staircase and re-entered the room after Blue left. Later, Foard drove M.J. back to her foster home, leaving her with $10. M.J.'s foster mother called the police when M.J. told her about what happened at the motel.
>
> A grand jury indicted Foard for conspiracy to engage in sex trafficking (Count I), sex trafficking of M.J. (Count IV), and sex trafficking of M.D. (Count V). After a trial, a jury found Foard guilty of conspiracy to engage in sex trafficking (Count I) and sex trafficking of M.J. (Count IV). The jury acquitted Foard of sex trafficking M.D (Count V). The district court sentenced Foard to 45 years of imprisonment followed by lifetime supervision.

*United States v. Foard*, 108 F.4th 729, 733 (8th Cir. 2024). Foard appealed his conviction and sentence to the Eighth Circuit and made the following arguments: (1) the jury instructions given at trial constructively amended the Indictment; (2) the Court improperly admitted text messages between Foard's uncle, who was a codefendant, and one of the victim minors; (3) the Court improperly denied Foard's motion for judgment of acquittal; (4) the Court improperly applied four sentencing enhancements; and (5) the Court improperly concluded that Foard did not qualify for a mitigating role reduction. *See* Filing 265. The Eighth Circuit rejected all of Foard's arguments and affirmed the Court's judgment in full. *Foard*, 108 F.4th at 733.

Foard subsequently filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, Filing 292, and a Memorandum Brief in support of the § 2255 motion, Filing 293.

## II. ANALYSIS

### A. Applicable Standards

Under 28 U.S.C. § 2255, federal prisoners are permitted to ask the sentencing court to "vacate, set aside, or correct" a sentence upon a showing that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose

such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). "Section 2255 is an outgrowth of the historic habeas corpus powers of the federal courts as applied to the special case of federal prisoners." *Jones v. Hendrix*, 599 U.S. 465, 472 (2023); *see also Odie v. United States*, 42 F.4th 940, 944 (8th Cir. 2022) ("Section 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." (internal quotation marks and citation omitted)). Relief under 28 U.S.C. § 2255 is limited, as it "does not encompass all claimed errors in conviction and sentencing." *Meirovitz v. United States*, 688 F.3d 369, 370 (8th Cir. 2012) (quoting *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011)).

The judge receiving a § 2255 motion to vacate must first determine if "it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the Rules Governing Section 2255 Proceedings. "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the Court must order the Government to respond and consider holding a hearing. 28 U.S.C. § 2255(b); *see also* Rules 4(b) and 8(a) of the Rules Governing Section 2255 Proceedings. However, a claim "can be dismissed without a hearing if . . . the petitioner's allegations, accepted as true, would not entitle the petitioner to relief." *Hudson v. United States*, 139 F.4th 1011, 1014 (8th Cir. 2025) (internal quotation marks omitted) (quoting *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995)). A court cannot accept a petitioner's allegations as true if "they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id.* (internal quotation marks omitted) (quoting same).

**B. Ground One**

Foard frames Ground One as an ineffective assistance of counsel claim, alleging that he "was denied effective assistance of counsel as gauranteed [sic] by the Sixth Amendment to the U.S. Constitution. Strickland v. Washington (1984)." Filing 292 at 5 (reduced from capitals); Filing 293 at 2 (same). There are two prongs to Ground One: (1) "Foard's trial counsel failed to file pretrial motions challenging the Government's evidence resulting in his wrongful conviction" and (2) "Foard's trial counsel failed to investigate the facts involving the Government's evidence during the pretrial phrase of this case including witness', i.e. witness statements, police reports, forensic reports, etc." Filing 292 at 5 (reduced from capitals); Filing 293 at 3, 7 (same).

Generally, "[c]laims of ineffective assistance of counsel are properly raised in a post-conviction motion under 28 U.S.C. § 2255," *United States v. Evans*, 272 F.3d 1069, 1093 (8th Cir. 2001), and courts evaluate those claims by considering "whether counsel's performance was deficient, and if so, whether prejudice resulted," *United States v. Harris*, 83 F.4th 1093, 1098 (8th Cir. 2023) (citing *Strickland v. Washington*, 466 U.S. 668, 686 (1984)). Having reviewed Foard's arguments, the Court concludes that it is appropriate for the Government to formally respond to the ineffective assistance of counsel claim in Ground One. In doing so, the Government shall address whether Ground One is procedurally defaulted or otherwise barred. Specifically, the Government shall address the extent to which one or both prongs of Ground One challenge the sufficiency of the evidence at trial and the extent to which such a challenge, if any, was previously "raised and decided on direct appeal." *Thompson v. United States*, 872 F.3d 560, 565 (8th Cir. 2017). The Government shall also respond to Ground One to the extent that it is actually an ineffective assistance of counsel claim. The Court will defer ruling on Ground One and deciding whether it is necessary to hold an

evidentiary hearing until the Court has reviewed the Government's response and any reply filed by Foard.

### C. Ground Two

Ground Two of Foard's § 2255 motion will be dismissed. In Ground Two, Foard alleges that "[t]he Government engaged in prosecutorial misconduct that prejudiced Foard's rights in obtaining a fair trial." Filing 292 at 6 (reduced from capitals); Filing 293 at 12 (same). Like Ground One, there are two prongs to Ground Two: (1) "[t]he Government reworked the evidence at Foard's trial by reconstructing the facts inconsistent with statutory requirements" and (2) "[t]he Government constructively amended Foard's indictment by removing an essential element in the jury instructions." Filing 292 at 6 (reduced from capitals); Filing 293 at 12, 17 (same).

The crux of Foard's argument in the first prong is that "[t]he government had masterfully presented its case in such a fashion that [it] was able to use every exhibit, and piece of evidence and constructively impute knowledge of Foard's involvement in commercial sex crimes that he actually had no direct nor indirect knowledge of." Filing 293 at 13. In other words, Foard argues, "the government was aware that no physical, material, nor forensic evidence existed in relation to Foard's involvement" but the Government still engaged in a "relentless effort to overreach its case to include inadmissible unrelated materials to convict him." Filing 293 at 14–15. In the second prong, Foard takes issue with the Government's mid-trial request for a jury "instruction specifically stating that the government is not required to prove everything in the indictment." Filing 293 at 18. Foard contends that although Count I of the Indictment charged that one of the ways, manner, and means of the conspiracy to engage in sex trafficking was that the "members of the conspiracy obtained commercial sex customers for MINOR VICTIMs by purchasing and/or posting advertisements on internet sites," Filing 1 at 2, it "became clear that Foard did not participate in the advertising of

MINOR VICTIM M.J.," Filing 293 at 17–18. According to Foard, the Government sought a jury instruction to "relieve" its "burden by not having to prove everything in the indictment," including the "essential elements 'advertisement' and 'conspiracy' evidence that was presented only proved facts that were 'materially different' from those proved in the indictment." Filing 293 at 17–18.

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Jennings v. United States*, 696 F.3d 759, 762 (8th Cir. 2012) (quoting *Bousley v. United States*, 523 U.S. 614, 621 (1998)). "Thus, a petitioner may not raise an issue before the district court for the first time in a § 2255 motion if the issue was not presented on direct appeal from the conviction." *Id.* Foard presented several claims on direct appeal, but he did not allege prosecutorial misconduct.[1] *See Foard*, 108 F.4th at 733 ("Foard challenges the jury instructions, the admission of

[1] Underneath "GROUND TWO" in the standard form § 2255 motion that Foard submitted, there is a question asking whether the petitioner "rais[ed] this issue" when he "appealed from the judgment of conviction." Filing 292 at 6. In response to this question, Foard marked "Yes." Filing 292 at 6. The Court has reviewed the docket of Foard's appeal, and Foard did not raise any prosecutorial misconduct claims before the Eighth Circuit.

Although Foard frames the first prong of Ground Two as a prosecutorial misconduct claim, much of that prong actually challenges the sufficiency of the evidence presented at trial. For instance, Foard argues that "[t]he government never produced any electronic emails, communications, text messages or contact lists establishing that Foard was a member or confederate of the conspiracy in question" and that "[e]very strand of evidence and testimony presented during jury trial only indicated others whose relevant conduct and knowledge involving commercial sex crimes of minors made them culpable." Filing 293 at 13. On direct appeal, Foard did challenge the Court's ruling that the evidence was sufficient for a reasonable jury to conclude Foard was guilty of the charged crimes. *See Foard*, 108 F.4th at 735 ("Foard next challenges the district court's denial of his motion for judgment of acquittal."). Thus, to the extent the first prong of Ground Two does challenge the sufficiency of the evidence, Foard is correct that he raised this issue in his direct appeal. That does not save the first prong of Ground Two in this § 2255 motion, however, because the Eighth Circuit flatly rejected Foard's sufficiency argument when it held that "there was sufficient evidence for a reasonable jury to find Foard guilty beyond a reasonable doubt of conspiring to sex traffic a minor and sex trafficking of M.J." *Foard*, 108 F.4th at 735. It is a "well established principle" that "[i]ssues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255." *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001); *see also United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir. 1981) (per curiam) ("It is well settled that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255."); *United States v. Lee*, 715 F.3d 215, 224 (8th Cir. 2013) ("Claims 'that were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255.'" (quoting *Davis v. United States*, 673 F.3d 849, 852 (8th Cir. 2012))). Foard has not shown that his is "the extraordinary case" where that well established rule does not apply. *Wiley*, 245 F.3d at 752.

Foard notes later in his § 2255 motion that "[t]he government's constructive amendment of Foard's indictment was raised on direct appeal, but is raised in § 2255 for prosecutorial misconduct." Filing 292 at 10. Foard did argue on direct appeal that the jury instructions at trial constructively amended the Indictment, and he does bring a "constructive

certain out-of-court statements, the denial of his motion for acquittal, the application of sentencing adjustments, and the substantive reasonableness of his sentence."). Foard's prosecutorial misconduct claim is therefore procedurally defaulted. *See, e.g.*, *United States v. Efthimiatos*, No. 4:15-cv-00045-SMR, 2015 WL 10793427, at *9 (S.D. Iowa June 23, 2015) (finding the petitioner's "prosecutorial misconduct claim barred due to his failure to raise the matter on direct appeal"); *United States v. Smith*, No. 8:04CR190, 2010 WL 48100, at *1 (D. Neb. Feb. 4, 2010) ("With regard to Smith's claim that his conviction must be vacated due to prosecutorial misconduct, the Court finds Smith failed to raise this claim on direct appeal, so this claim is procedurally barred."); *United States v. Rivera-Moreno*, No. 8:04CR118, 2007 WL 1703406, at *12 (D. Neb. June 11, 2007) (finding that "allegations of trial error, alleged prosecutorial misconduct, and sentencing error" cannot "be raised by a motion for post-conviction relief under 28 U.S.C. § 2255" because they were "not based on newly discovered evidence" and therefore "could have been raised on direct appeal").

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Jennings*, 696 F.3d at 763 (quoting *Bousley*, 523 U.S. at 622). Foard has not attempted to show cause and actual prejudice for his default nor could he. The allegations in Ground Two all stem from Foard's trial, meaning they were known to him at the time of his direct appeal. As a result, "[n]o objective external factor impeded [Foard]

---

amendment" argument in the second prong of his prosecutorial misconduct claim. These claims are different, however. On appeal, Foard argued that the jury instructions constructively amended the Indictment because the Indictment charged him with conspiring to traffic *two* minors while the jury instructions only required the jury to find that he trafficked *a* minor. *See Foard*, 108 F.4th at 733. The Eighth Circuit addressed and rejected Foard's appellate constructive amendment argument. *Id*. at 734. In the second prong of Ground Two, Foard argues for the first time that the Indictment was constructively amended by the Government's request for a jury instruction he believes effectively removed "the essential element[ ] 'advertisement'" from Count I. Filing 293 at 18. Foard could have raised this "prosecutorial misconduct constructive amendment" claim on direct appeal, but he did not. As a result, this claim is procedurally defaulted for the reasons explained in the body of this order.

from raising on direct appeal that there was prosecutorial misconduct underlying [his] conviction." *Smith*, 2010 WL 481000, at *1. Foard also has not shown that "in light of all the evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt,'" as is required "[t]o invoke the actual innocence exception." *Jennings*, 696 F.3d at 764 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Because it "plainly appears" that Ground Two is procedurally defaulted, Foard is not entitled to relief on that claim and it is dismissed.

### D. Ground Three

Ground Three is also subject to dismissal at this stage. In Ground Three, Foard alleges that he "was denied effective assistance of appellate counsel as guaranteed by the Fifth and Sixth Amendments to the U.S. Constitution." Filing 292 at 8 (reduced from capitals); Filing 292 at 19 (same). In his § 2255 motion, Foard provides the following "[s]upporting facts" for Ground Three:

> Appellate counsel did not properly preserve certain objections during Foard's criminal trial proceedings that should have been raised on direct appeal. Appellate counsel failed to take appellate strategy most favorable to Foard's interest by comporting arguments in accordance to a co-appellant's interests. Additionally, appellate counsel was ineffective for refusing to make available his criminal files and grand jury transcripts to effectively litigate his § 2255 motion.

Filing 292 at 8. In its entirety, Foard's Ground Three argument in his Memorandum Brief is as follows:

> Foard alleges that all claims set Forth in this § 2255 petition. Also, Foard further alleges that appellate counsel did not properly preserve certain objections during the criminal trial proceedings that should have been raised on direct appeal. Appellate counsel failed to take appellate strategy most favorable to Foard's interest by comporting arguments in accordance to a co-appellant's interests.
>
> Additionally, appellate counsel was ineffective for refusing to make available his criminal files and grand jury transcripts to effectively litigate his § 2255 motion.

Filing 293 at 19. Significantly, Foard does not identify what "certain objections" his appellate counsel allegedly failed to raise, what "favorable" strategy his appellate counsel should have taken,

or what unfavorable strategy his appellate counsel apparently did raise. Foard also does not specify the "criminal files" he was seeking. Because Ground Three contains only "[c]onclusory allegations . . . without factual support," Ground Three is dismissed. *Hudson*, 139 F.4th at 1014 ("Such a claim, however, can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." (internal quotation marks and citation omitted)); *see also Bryson v. United States*, 268 F.3d 560, 562 (8th Cir. 2001) (affirming the district court's denial of the defendant's ineffective assistance of counsel claim "on the basis that [m]ovant's allegations are brief, conclusory and fail to cite to the record" (internal quotation marks and citation omitted)).

Specifically regarding Foard's claim that his "appellate counsel was ineffective for refusing to make available his criminal files and grand jury transcripts to effectively litigate his § 2255 motion," even if the Court accepted this conclusory allegation as true Foard has not shown that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Hudson*, 139 F.4th at 1014 (internal quotation marks and citation omitted). For one, this Court and others routinely treat prepetition requests for documents—including documents and exhibits that are already part of the record—under Rule 6 of the Rules Governing Section 2255 Proceedings, which governs discovery. *See United States v. Navarette*, No. 8:16-CR-248, 2022 WL 16837042, at *1 (D. Neb. Nov. 9, 2022) (applying Rule 6 to a prepetition request for "all documents pertaining to the defendant's case, including trial transcripts" (cleaned up)); *United States v. Cuya*, 964 F.3d 969, 972 (11th Cir. 2020) (applying Rule 6 to a prepetition request for "transcripts, indictments, search warrants, or other records"). Because Foard was already "not entitled to discovery as a matter of course" before filing his § 2255 motion, Foard cannot show

that his counsel's alleged failure to "make available his criminal files" prejudiced his § 2255 proceeding. *Newton v. Kemna*, 354 F.3d 776, 783 (8th Cir. 2004) (citing *Bracy v. Gramley*, 520 U.S. 899, 994 (1997)). The same goes for Foard's allegation that his appellate counsel "refus[ed] to make available . . . grand jury transcripts." Moreover, Foard has cited no authority suggesting he was entitled to grand jury transcripts in the first place. *See United States v. Warren*, 16 F.3d 247, 253 (8th Cir. 1994) (explaining that "a bare allegation that the [grand jury's] records are necessary to determine if there may be a defect in the grand jury process does not satisfy the 'particularized need' requirement" for obtaining grand jury records). Accordingly, Ground Three is dismissed.

### E. Ground Four

Ground Four is not a habeas claim; instead, it is a purported placeholder claim. Ground Four states in full: "(Reserved) pending response to Foard's request in his § 2255 Memorandum Brief for additional documents, complete file of case in order to expand the record . . . . . . to allow Foard to develop facts and materials related to his case." Filing 292 at 9 (ellipsis in original). Foard has provided no supporting facts for Ground Four, and he has not even addressed this ground in his Memorandum Brief. Because Ground Four does not assert a claim for relief under 28 U.S.C. § 2255, the Court will deny Ground Four. However, to the extent Foard intended for Ground Four to draw the Court's attention to the various requests in the prayer of his Memorandum Brief, the Court will address those requests in the following section.

### F. Foard's Remaining Requests

At the conclusion of his Memorandum Brief, Foard asks the Court to grant the following relief:

1. Appoint Counsel;

> 2. Order the government to provide Foard a complete file containing his criminal case, grand jury transcripts, records, evidence, documents, attorney files which have not been made available to him;
>
> 3. Expand the record to allow Foard to develop facts and materials related to his case;
>
> 4. Grant Foard the opportunity to amend his § 2255 because he has been effectively pressed to complete such due to extraordinary circumstances that prevented time and opportunity to access requested materials for thorough allegations here;
>
> 5. that an evidentiary hearing be held to properly evaluate the allegations contained in this motion;
>
> 6. Foard's case be vacated for further consideration; [and]
>
> 7. Any relief for thorough resolve this Honorable Court deems fair and just.

Filing 293 at 19-20. Foard has also filed two motions seeking a "docket sheet," as well as an update on the status of his § 2255 motion. Filing 294; Filing 296.

In this order the Court has dismissed Grounds Two, Three, and Four of Foard's § 2255 motion because it "plainly appears" that he is not entitled to relief on those grounds. However, the Court has ordered the Government to file a written response to Ground One. The Court will defer ruling on Ground One and deciding whether it is necessary to hold an evidentiary hearing until the Court has reviewed the Government's response and any reply filed by Foard. Because the Court has not yet determined whether an evidentiary hearing is warranted, the Court denies without prejudice Foard's request for appointed counsel. *See* Rule 8(c) of the Rules Governing Section 2255 Proceedings ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A.").

The Court also denies without prejudice Foard's request for discovery. Rule 6(a) of the Rules Governing Section 2255 Proceedings provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." Rule 6(b) requires "[a] party requesting

discovery" to "provide reasons for the request" and to "specify any requested documents." At this time, the Court does not find good cause to order discovery, and Foard has not specified the documents he requests. Should the Court decide an evidentiary hearing is warranted, the Court will consider a request for discovery then. Accordingly, to the extent Foard seeks discovery in his motions at Filing 294 and Filing 296, those motions are also denied without prejudice to reassertion at a later time. Similarly, the Court will defer deciding whether it is necessary to expand the record until after the Court has reviewed the Government's response to Ground One and any reply filed by Foard. Under Rule 7 of the Rules Governing Section 2255 Proceedings, it is within the Court's discretion to decide whether to expand the record, and the Court does not find such an expansion necessary at this point. *See* Rule 7(a) of the Rules Governing Section 2255 Proceedings (explaining that "the judge may direct the parties to expand the record by submitting additional materials related to the motion"). Moreover, Foard has not identified what, if any, materials he wishes to include in an expanded record, and the Court does not currently believe that there are any issues that require materials not already available.

Finally, the Court addresses Foard's request that the Court "[g]rant [him] the opportunity to amend his § 2255." Filing 293 at 19. Foard timely filed the § 2255 motion presently before the Court, but any amended § 2255 motion would be filed outside the statute of limitations set forth in 28 U.S.C. § 2255(f). However, "[c]laims made in an untimely filed motion under § 2255 may be deemed timely if they relate back to a timely filed motion as allowed by Federal Rule of Civil Procedure 15(c)." *Dodd v. United States*, 614 F.3d 512, 515 (8th Cir. 2010) (citing *United States v. Hernandez*, 436 F.3d 851, 857 (8th Cir. 2006)). The Eighth Circuit has explained,

> Claims made in an amended motion relate back to the original motion when the amendment asserts a claim that arose out of the same "conduct, transaction, or occurrence set out . . . in the original" motion. Fed. R. Civ. P. 15(c)(1)(B). To arise

> out of the same conduct, transaction, or occurrence, the claims must be "tied to a common core of operative facts." *Mayle v. Felix*, 545 U.S. 644, 664, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005) (applying Rule 15(c) to a 28 U.S.C. § 2254 petition). An amended motion may raise new legal theories only if the new claims relate back to the original motion by "aris[ing] out of the same set of facts as [the] original claims." *Mandacina* [*v. United States*], 328 F.3d [995,] 1000 [(8th Cir.), *cert. denied*, 540 U.S. 1018 (2003)]. The facts alleged must be specific enough to put the opposing party on notice of the factual basis for the claim. *See Hernandez*, 436 F.3d at 858 (explaining the rationale for Rule 15(c)). Thus, it is not enough that both an original motion and an amended motion allege ineffective assistance of counsel during a trial. *See United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005) ("[A] petitioner does not satisfy Rule 15 'relation back' standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance."), *cert. denied*, 547 U.S. 1217, 126 S.Ct. 2906, 165 L.Ed.2d 936 (2006). The allegations of ineffective assistance "must be of the same 'time and type' as those in the original motion, such that they arise from the same core set of operative facts." *Hernandez*, 436 F.3d at 857 (quoting *Mayle*, 545 U.S. at 650, 657, 660, 125 S.Ct. 2562 and holding that ineffective assistance claim alleging that counsel inadequately cross-examined two witnesses did not relate back to a claim for ineffective assistance related to counsel's failure to object to the admission of evidence lacking a proper foundation); *see also Mandacina*, 328 F.3d at 1002 (concluding that counsel's alleged failure to investigate the police report of an interview naming potential suspects was not a similar type of error as allegedly failing to discover exculpatory footprints during counsel's investigation of the case); *United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999) (failure to file an appeal is not the same type of error as failure to seek a downward departure or challenge the drug type at sentencing).

*Dodd*, 614 F.3d at 515.

Without any knowledge of the claims Foard may assert in an amended § 2255 motion, the Court cannot determine whether the claims would relate back to his timely filed § 2255 motion. To the extent Foard seeks to assert entirely new claims in an amended § 2255 motion filed beyond the one-year statute of limitations, it is only possible for Foard to do so if he can show that the limitations period should be equitably tolled. *See Odie*, 42 F.4th at 946 ("The one-year statute of limitations may be equitably tolled only if [the movant] shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." (internal quotation marks and citations omitted)); *see also United States v. Xia*, No. 4:20-CR-3062, 2022 WL

3018053, at *2 (D. Neb. July 29, 2022) (explaining that "because the Court can only decide whether equitable tolling is appropriate at the time a § 2255 motion is filed, the Court cannot extend the limitations period in advance" (emphasis in the original)). This is not to say that Foard cannot file an amended § 2255 motion. The Court simply cannot determine at this time whether any claims asserted in an amended motion would be proper.

## III. CONCLUSION

For the reasons stated above, Grounds Two, Three, and Four of Foard's § 2255 motion are denied because it plainly appears that Foard is not entitled to relief on those grounds. Counsel for the Government is ordered to respond to Foard's allegations in Ground One, and the Court will defer ruling on that ground and deciding whether it is necessary to hold an evidentiary hearing until it has reviewed the Government's response and any reply filed by Foard. To the extent Foard's motions at Filing 294 and Filing 296 seek discovery, those motions are denied without prejudice to reassertion. Otherwise, those motions are denied as moot because this order provides a sufficient "status update." Accordingly,

IT IS ORDERED:

1. Ground Two, Ground Three, and Ground Four of petitioner Dalonte Foard's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, Filing 292, are dismissed;

2. The Government shall respond to Ground One in Foard's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, Filing 292, on or before August 24, 2026;

3. Foard may file a reply brief no later than 30 days from the date of the Government's response; and

4. To the extent Foard's motions at Filing 294 and Filing 296 seek discovery, those motions are denied without prejudice to reassertion; otherwise, those motions are denied as moot.

Dated this 23rd day of July, 2026.

BY THE COURT:

Brian C. Buescher
United States District Judge