IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

DALONTE FOARD,

Defendant.

**8:20-CR-333**

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

This matter is before the Court on petitioner Dalonte Foard's *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Filing 292. After a jury found Foard guilty of conspiring to engage in sex trafficking of a minor and of sex trafficking of a minor, the Court sentenced Foard to a term of 540 months of imprisonment on each charge, to be served concurrently. Filing 215 (Jury Verdict); Filing 232 (Judgment). Foard appealed, raising multiple challenges to his conviction and sentence. On July 19, 2024, the Eighth Circuit Court of Appeals issued an opinion affirming the Court's judgment. Filing 265 (8th Circuit Opinion); Filing 266 (8th Circuit Judgment). Foard then timely filed the present Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Filing 292; *see United States v. Hernandez*, 436 F.3d 851, 856 (8th Cir. 2006) (explaining that a habeas petitioner's conviction is final ninety days after the Eighth Circuit issues its ruling on direct appeal, meaning the petitioner has one year from the date the conviction is final to file a motion under 28 U.S.C. § 2255).

Foard asserted four grounds for habeas relief in his § 2255 motion and filed a Memorandum Brief in support of the motion. Filing 292 (Motion); Filing 293 (Brief). Only one of these grounds—Foard's assertion of ineffective assistance of counsel—survived the Court's initial review. Filing 297 at 15 (dismissing Grounds Two, Three, and Four). Foard frames the claim as having two distinct parts: "(a) Foard's Trial Counsel Failed to File Pretrial Motions Challenging The Government's Evidence Resulting In His Wrongful Conviction;" and "(b) Foard's Trial Counsel Failed to Investigate the Facts Involving the Governments [sic] Evidence During The Pretrial Phase Of This Case Including Witness', I.e. Witness Statements, Police Reports, Forensic Reports, etc." Filing 293 at 3. The Government was ordered to respond to the ineffective assistance of counsel ground, which it did. Filing 301 (Government's response). Foard then submitted what appears to be a reply brief.[1] Filing 302. The Court finds Foard's final ground unavailing. Because Foard has not presented any viable claims for habeas relief, his motion is denied and no evidentiary hearing is required.

## I. BACKGROUND

The Eighth Circuit has summarized the background of this case, saying:

> On September 24, 2020, Dalonte Foard and his uncle, Thomas Holbert, picked up two foster youths, M.D. and M.J. (collectively, the Minors) from their foster home. M.J. was a seventeen-year-old girl with learning disabilities. She looked up to M.D., a sixteen-year-old girl. M.D. knew Holbert, and she told M.J. that "escorting" was an easy way to make money. Foard dropped off Holbert and the Minors at a motel and left. In the motel room, Holbert took provocative photos of the Minors in lingerie to include in online prostitution advertisements. Holbert attempted to set up the Minors with sex buyers, but he was unsuccessful due to a no-show.

[1] The Court permitted Foard to file a reply brief in its Memorandum and Order on Initial Review. Filing 297 at 15. Foard's reply brief contains a significant amount of material that does not relate to the arguments advanced in his initial brief or in the Government's response. The reply will only be considered insofar as it does not raise new material. *See, e.g.*, *Fay Fish v. United States*, 748 F.App'x 91, 92 n.2 (8th Cir. 2019) (saying the reply brief is "too late to properly raise a new issue before the district court").

> Eventually, M.D. called another man to pick her up, leaving M.J. at the motel. When Holbert left by himself, M.J. remained at the motel with just Foard and his girlfriend, Tashian Hickman.
>
> In the early morning hours of September 25, Foard and Hickman engaged in sex while M.J. attempted to sleep in another bed. Foard repeatedly pressured M.J. to join them for sex acts by telling M.J. she needed to let him "break her in." Foard eventually had sex with M.J. multiple times. Later that day, Foard took photos of M.J. and created a new online prostitution advertisement. Hickman communicated with a sex buyer, Michael Blue. When Blue arrived in the motel room, he paid $60 and received sex acts from M.J. During this time, Foard sat outside on a public staircase and re-entered the room after Blue left. Later, Foard drove M.J. back to her foster home, leaving her with $10. M.J.'s foster mother called the police when M.J. told her about what happened at the motel.
>
> A grand jury indicted Foard for conspiracy to engage in sex trafficking (Count I), sex trafficking of M.J. (Count IV), and sex trafficking of M.D. (Count V). After a trial, a jury found Foard guilty of conspiracy to engage in sex trafficking (Count I) and sex trafficking of M.J. (Count IV). The jury acquitted Foard of sex trafficking M.D (Count V). The district court sentenced Foard to 45 years of imprisonment followed by lifetime supervision.

*United States v. Foard*, 108 F.4th 729, 733 (8th Cir. 2024). Foard appealed his conviction and sentence to the Eighth Circuit and made the following arguments: (1) the jury instructions given at trial constructively amended the Indictment; (2) the Court improperly admitted text messages between Foard's uncle, who was a codefendant, and one of the victim minors; (3) the Court improperly denied Foard's motion for judgment of acquittal; (4) the Court improperly applied four sentencing enhancements; and (5) the Court improperly concluded that Foard did not qualify for a mitigating role reduction. See Filing 265. The Eighth Circuit rejected all of Foard's arguments and affirmed the Court's judgment in full. *Foard*, 108 F.4th at 733. Foard subsequently filed this *pro se* Motion.

## II. ANALYSIS

### A. Applicable Standards

Foard brings his motion pursuant to 28 U.S.C. § 2255, which permits federal prisoners to ask the sentencing court to "vacate, set aside, or correct" a sentence upon a showing that "the sentence imposed was in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). "Section 2255 is an outgrowth of the historic habeas corpus powers of the federal courts as applied to the special case of federal prisoners." *Jones v. Hendrix*, 599 U.S. 465, 472 (2023); *see also Odie v. United States*, 42 F.4th 940, 944 (8th Cir. 2022) ("Section 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." (internal quotation marks and citations omitted)). Relief under 28 U.S.C. § 2255 is limited, as it "does not encompass all claimed errors in conviction and sentencing." *Meirovitz v. United States*, 688 F.3d 369, 370 (8th Cir. 2012). "A § 2255 motion can be dismissed without a hearing if '(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Tinajero-Ortiz v. United States*, 635 F.3d 1100, 1105 (8th Cir. 2011) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003)). Put differently, "[n]o hearing is required . . . where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Franco v. United States*, 762 F.3d 761, 763 (8th Cir. 2014) (internal quotation marks and citations omitted).

Foard's remaining claim turns on an allegation of ineffective assistance of counsel. Under the Supreme Court's test for ineffective assistance of counsel set forth in *Strickland v. Washington*,

466 U.S. 668, 686 (1984), courts consider "whether counsel's performance was deficient, and if so, whether prejudice resulted." *United States v. Harris*, 83 F.4th 1093, 1097 (8th Cir. 2023) (internal quotation marks and citation omitted). "Deficient performance is that which falls below the range of competence demanded of attorneys in criminal cases." *O'Neil v. United States*, 966 F.3d 764, 770 (8th Cir. 2020) (quoting *Bass v. United States*, 655 F.3d 758, 760 (8th Cir. 2011)). "Only a performance 'outside the wide range of reasonable professional assistance' is constitutionally deficient." *Id.* at 771 (quoting *Love v. United States*, 949 F.3d 406, 410 (8th Cir. 2020)). To demonstrate prejudice, "a 'defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Paulson v. Newton Corr. Facility, Warden*, 773 F.3d 901, 904 (8th Cir. 2014) (quoting *Strickland*, 466 U.S. at 694). "The likelihood of a different outcome . . . 'must be substantial, not just conceivable.'" *Donelson v. Steele*, 16 F.4th 559, 570 (8th Cir. 2021) (quoting *Harrington v. Richter*, 562 U.S. 86, 112 (2011)). "Failure to establish either *Strickland* prong is fatal to an ineffective-assistance claim." *Worthington v. Roper*, 631 F.3d 487, 498 (8th Cir. 2011).

**B. Foard's Remaining Ground for Relief: Ineffective Assistance of Counsel**

*1. Part I*

Foard's first—and only remaining—ground for relief states, "Foard Was Denied Effective Assistance of Counsel as Gauranteed [sic] by the Sixth Amendment to the U.S. Constitution. *Strickland v. Washington* (1984). Filing 293 at 2 (reduced from all capitals). As explained in the Court's Memorandum and Order on Initial Review, it appears that Foard's ineffective assistance of counsel ground actually "challenges the sufficiency of the evidence at trial rather than the effectiveness of counsel at trial." Filing 297 at 2. The Government reads Foard's Motion similarly,

saying "[t]aken as a whole, Defendant's grievance appears to be primarily related to evidence concerning the involvement of Tashian Hickman and his opinion that the evidence showed that she, and not the Defendant, was guilty of sex trafficking." Filing 301 at 4. Issues that have been decided on direct appeal cannot be relitigated in a § 2255 motion. *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001). The Eighth Circuit reviewed Foard's challenge to the sufficiency of the evidence when the case was on direct appeal. *Foard*, 108 F.4th at 735. The Eighth Circuit explained, "[h]ere, there was sufficient evidence for a reasonable jury to find Foard guilty beyond a reasonable doubt of conspiring to sex traffic a minor and sex trafficking of M.J." *Id.* The Court will therefore not consider the arguments raised by Foard in this § 2255 motion that his conviction was not supported by sufficient evidence.

As explained above, Foard's ground for relief contains two parts. The first part asserts, "Foard's Trial Counsel Failed to File Pretrial Motions Challenging The Government's Evidence Resulting In His Wrongful Conviction." Filing 293 at 3. Although not limited to this first part, the Court notes that the brief is unclear and often veers off from its stated focus, interjecting unrelated arguments. *See generally* Filing 293. This is especially true where Foard continues to return to his argument that Hickman, not himself, was guilty of sex trafficking. *See generally* Filing 293. Nonetheless, the first part of Foard's ineffective assistance of counsel claim seems chiefly concerned with his trial counsel's purported failure to "file[] a motion to dismiss the indictment for lack of evidence" "before trial." Filing 293 at 5. Foard's position seems to be premised on two beliefs. First, Foard appears assume that the Government had an "obligation to prove everything in the

Indictment," presumably before trial.[2] *See* Filing 293 at 5. Second, Foard appears to contend the Government could not do this because the evidence indicated that Hickman, not Foard, was responsible. *See* Filing 293 at 3.

As a matter of law, defense counsel could not have performed unreasonably under the first *Strickland* prong for failing to file a motion to dismiss for lack of evidence because an indictment returned by a grand jury is not subject to a motion to dismiss based on insufficient evidence. The Supreme Court has explained that "[a]n indictment returned by a legally constituted and unbiased grand jury . . . if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more." *Costello v. U.S.*, 350 U.S. 359 (1956); *see also* *U.S. v. Nelson*, 165 F.3d 1180, 1182 (8th Cir. 1999) (saying "[i]t has long been settled that an indictment is not open to challenge on the ground that there was inadequate or insufficient evidence before the grand jury"). Foard therefore fails to show that his counsel's performance was deficient under *Strickland* by failing to file a pre-trial motion to dismiss on the basis of insufficient evidence. *Harris*, 83 F.4th at 1097.

Although the above appears to be the focus of the first part of Foard's remaining ground, Foard interjects various other points that the Court briefly addresses. First, Foard appears to contest the Indictment itself on the ground that it used "vague," "overbroad" language. *See* Filing 293 at 3–4. Foard seems to suggest that his counsel should have challenged the Indictment on these grounds prior to trial. *See* Filing 293 at 3–4. Substantively, Foard appears to be reframing an issue previously addressed by this Court and the Eighth Circuit (*i.e.*, rather than asserting, as he attempted on direct

[2] Even later in the case, Foard's assumption is wrong, as the "government is not required to prove all the allegations of the indictment as long as it proves facts charged in the indictment which satisfy the essential elements of the crime." *United States v. Bevans*, 496 F.2d 494, 498 (8th Cir. 1974).

appeal, that the jury instruction impermissibly narrowed the Indictment, Foard now appears to argue that the Indictment was impermissibly vague and overbroad). The Eighth Circuit rejected Foard's argument on direct appeal, and in considering the Indictment's relationship to the final jury instructions, the Eighth Circuit registered no issues with the Indictment itself. *Ford*, 108 F.4th at 734 (saying "the indictment fully informed him of the nature of the terms of the charge against him" (cleaned up) (internal quotation marks and citation omitted)). Additionally, the complained of timeline alleged in the Indictment was adequate. Filing 1 at 1 (saying "[b]eginning on an unknown date, but at least on or about November 2019, and continuing through on or about November 2020. . . ."); *see United States v. Webster*, 797 F.3d 531, 534 (8th Cir. 2015).

Foard also asserts that his trial counsel failed to file a pre-trial motion to suppress presumably based on evidence relating to Hickman. *See* Filing 293 at 5–7. What exactly Foard wishes had been suppressed is unclear. *See generally* Filing 293. "In a § 2255 proceeding, the burden of proof with regard to each ground for relief rests upon the petitioner. . . ." *Kress v. United States*, 411 F.2d 16, 20 (8th Cir. 1969). With respect to this assertion, Foard has not clearly identified how his counsel performed unreasonably, what legal grounds his counsel would have had to exclude the evidence, or how any deficient performance resulted in prejudice. *United States*, 83 F.4th at 1097; *Paulson*, 773 F.3d at 904 (saying that to demonstrate prejudice, "a 'defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'").

*2. Part II*

The second part of Foard's remaining ground states, "Foard's Trial Counsel Failed To Investigate The Facts Involving the Governments [sic] Evidence During the Pretrial Phase Of This Case Including Witness', I.e. Witness Statements, Police Reports, Forensic Reports, etc." Filing 293

at 7. The principal argument that Foard makes under this heading is that his trial counsel performed ineffectively by failing to file a pre-trial motion challenging the presence of sexual assault allegations in the case considering "the charging instrument involved conspiracy to engage in sex trafficking of minors, not sexual assault." Filing 293 at 7. Foard acknowledges that defense counsel objected to "the Government's introduction of sexual assault allegations" during trial, but asserts that "these uncharged sexual assault allegations should have been challenged during the pretrial phase of this case, not days within the middle of [Foard's] jury trial." Filing 293 at 7.

Although the Court observed that defense counsel did not timely object to the challenged evidence during the trial, the Court also considered the motion and gave several reasons denying the Government's motion to exclude the evidence on the merits. Filing 249 at 1–6. Additionally, defense counsel did not perform unreasonably for failing to make a pre-trial motion to exclude evidence that Foard had sex with the victim to "break her in" because the evidence was both relevant and admissible to show that Foard conspired to commit sex trafficking. The evidence was not an inadmissible separate "bad act" but was integral to the criminal conduct and probative of whether Foard conspired to commit sex trafficking of a minor. *See United States v. Williams*, 95 F.3d 723, 731 (8th Cir. 1996) ("[E]vidence of acts that form an integral part of the crime charged is not rendered inadmissible merely because the acts are criminal in their own right but have not been charged. Otherwise, the government would be handicapped in presenting a coherent picture of the facts of the crime in issue."). Additionally, as noted by the Government, the evidence was also admissible to show Foard's motive, intent, plan, and knowledge under Federal Rule of Evidence 404(b). Foard has failed to show that defense counsel acted unreasonably under *Strickland*. *Harris*, 83 F.4th at 1097.

Foard also contends that his "trial counsel failed to challenge the government's evidence which included audio and text exchanges between Holbert (co-conspirator) and Maleika Doyle (Minor Victim M.D. / uncharged co-conspirator)." Filing 293 at 9. Defense counsel did, however, challenge the admission of such evidence. The Court considered the propriety of admitting co-conspirator statements during the trial, and the Eighth Circuit affirmed the Court's decision to admit the evidence. Filing 247 at 8–10; Filing 249 at 6–15; *Foard*, 108 F.4th at 734–35. Defense counsel did not act unreasonably as to this issue under *Strickland*. *Harris*, 83 F.4th at 1097. Additionally, Foard acknowledges that the communications "clearly constitute[] conspiracy" but appears to argue that there was no evidence that Foard was part of the conspiracy. *See* Filing 293 at 9–10. Federal Rule of Evidence 801(d)(2)(E) allows for the admission of a defendant's coconspirators' statements that are made during and in furtherance of the conspiracy. A preponderance of the evidence showed that the communications were made by a co-conspirator during and in furtherance of the conspiracy. Thus, even if Foard objects to the timing of the motion, Foard is unable to show he was prejudiced under *Strickland*. *Harris*, 83 F.4th at 1097.

In summary, although often unclear, the Court has reviewed and considered all of Foard's § 2255 Petition and his Memorandum Brief. The Court finds Foard's final ground unavailing here. Because Foard has not presented any viable claims for habeas relief, his motion is denied and no evidentiary hearing is required.

### C. Certificate of Appealability

No appeal may be taken on a § 2255 motion to vacate unless a judge issues a certificate of appealability, which requires the appellant to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)–(2). To make "a substantial showing of the denial of a constitutional right" after the district court denies a constitutional claim on the merits, "[t]he

petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a petition is denied on procedural grounds, a petitioner is entitled to a certificate of appealability if the petitioner "shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Reasonable jurists would not find the Court's decisions debatable here. Therefore, the Court will not issue a certificate of appealability.

## III. CONCLUSION

For the reasons stated above, Foard's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, Filing 292, fails. Accordingly,

IT IS ORDERED:

1. Dalonte Foard's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, Filing 292, is denied; and

2. The Court will not issue a certificate of appealability.

Dated this 29th day of October, 2026.

BY THE COURT:

Brian C. Buescher
Chief United States District Judge